# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.S.**

**No.) 18-0059** (Wood County 17-JD-43)

FILED

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner K.S., by counsel Ernest M. Douglass, appeals the Circuit Court of Wood County's January 5, 2018, dispositional order committing him to the custody of the Division of Health and Human Resources ("DHHR") for placement in a Level II or III residential treatment facility and placing him on probation until age nineteen.[1] Respondent State of West Virginia, by counsel Robert L. Hogan and Thomas McQuain[2], filed a response. On appeal, petitioner contends that the circuit court erred in placing him in a residential treatment facility rather than on home incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 31, 2017, the State initiated juvenile proceedings against petitioner alleging that he committed petit larceny. Petitioner admitted to committing petit larceny at an adjudicatory hearing held on September 26, 2017, and the circuit court placed him on probation and home incarceration.

The parties appeared for a detention hearing on December 28, 2017. The circuit court determined that, on the day following his adjudication, petitioner "skipped the entire day of school, went onto campus at the end of the day smoking a cigarette, did not follow the directions of the assistant principal and was suspended for [five] days due to skipping and insubordination." The court further found that, following adjudication, petitioner continued to use marijuana and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Mr. McQuain appears pursuant to Rule 10 of the Rules for Admission to the Practice of Law, which provides that certain law students may appear before a court in certain instances.

1

drink alcohol, exhibited poor behavior in a shelter[3], left his home without permission while on home incarceration[4], was suspended from school on other occasions, and brought "two metal shanks onto school grounds."[5] Accordingly, although the DHHR had made reasonable efforts to avoid removing petitioner from his home "through informal probation services, shelter placement[,] and GPS home confinement monitoring," the best interests and welfare of the public and petitioner himself required that custody be transferred to the West Virginia Division of Juvenile Services for placement in a secure detention facility pending disposition.

The circuit court held petitioner's dispositional hearing on January 2, 2018. After reiterating the grounds that necessitated petitioner's placement in a secure detention facility pending disposition and taking into consideration the best interests of petitioner and the public, the circuit court found that petitioner was in need of extra-parental supervision and that continuation in his home was contrary to his best interests. Therefore, the court ordered that petitioner be placed in a Level II or III residential treatment facility and that he be placed on probation until he reaches the age of nineteen. The court entered its order memorializing these rulings on January 5, 2018. It is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court erred in placing him in a residential treatment facility rather than on home incarceration. Petitioner claims that many of the treatments recommended by an evaluating psychologist, such as behavior management services, group therapy, and substance abuse counseling, can be administered on an outpatient basis. Petitioner also argues that he was demonstrating improvement in his behavior outside of a residential treatment facility and through the receipt of outpatient services. Therefore, petitioner argues that he should have been permitted to continue services on an outpatient basis on home incarceration.

"[T]he standard of review with regard to a circuit court's sentencing order or disposition . . . is whether the circuit court's ruling constitutes an abuse of discretion." *State v. Kenneth Y.*, 217 W.Va. 167, 170, 617 S.E.2d 517, 520 (2005) (citations omitted). "[D]iscretionary, dispositional decisions of the trial courts should only be reversed where they are not supported by the evidence or are wrong as a matter of law." *In re Thomas L.*, 204 W.Va. 501, 503, 513 S.E.2d 908, 910 (1998) (internal quotations and citation omitted).

Petitioner fails to demonstrate that the circuit court abused its discretion in ordering placement in a residential treatment facility, and his arguments overlook numerous facts that justify the circuit court's disposition. Namely, per petitioner's request, he was placed in his mother's custody for a trial home incarceration placement during the proceedings below. Petitioner was also monitored by a GPS bracelet. Petitioner requested this arrangement because

---

[3]The circumstances of petitioner's placement in a shelter and the length of time he spent there are unclear from the appendix record provided to this Court.

[4]While on home incarceration, petitioner was permitted to leave his home only to attend school.

[5]For this infraction, petitioner's school is seeking expulsion.

"[h]e believed that [it] would help him make good decisions." Such arrangement, however, "did not help with his decision making skills," as noted by his juvenile probation officer. While in this trial placement, petitioner was suspended for two days for "cussing out" a teacher, and he did not follow his home incarceration schedule. In fact, petitioner admitted to going to a friend's house impermissibly and smoking marijuana less than a month before disposition. Petitioner's juvenile probation officer further noted that petitioner "continued to struggle in the school environment once he was returned to his mother's custody and while on home confinement." Although petitioner "was given the opportunity to demonstrate to [his juvenile probation officer] and the [circuit court] that he could be successful while at home pending his continued dispositional hearing[, he] has not shown he can make good choices/decisions on a regular basis[.]" As a result of these findings, and due to petitioner's "continued problems in the school environment as well as supervision concerns in the home," petitioner's juvenile probation officer recommended that petitioner be placed in a residential treatment facility.

The opinion that petitioner should be placed in a residential treatment facility was shared by other professionals who evaluated petitioner. Petitioner's evaluating psychologist concluded that "it appears likely that [petitioner] is unable to maintain acceptable behaviors outside of a highly structured setting" and found that "residential services are likely to be the most beneficial option at this time." Likewise, the recommendation made in petitioner's Comprehensive Assessment and Planning System report was that he "be placed in a residential treatment facility at this time" due to his "long history of being defiant, verbal and physical aggression, drug use, theft, and [inability] to maintain his behaviors after being removed from the home and taking medications." Accordingly, we find no error in the circuit court's disposition.

For the foregoing reasons, the circuit court's January 5, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

3